Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,307-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JEFFERY L. CALHOUN                          Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 23CR33480

Honorable Nicholas E. Gasper, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

CHARLES B. ADAMS                     Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
RHYS E. BURGESS
NANCY F. BERGER-SCHNEIDER
ETHAN ARBUCKLE
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and ROBINSON, JJ.

**THOMPSON, J.**

A seasoned and prolific criminal defendant pled guilty to one count of distribution of a Schedule II controlled dangerous substance and one count of possession of a firearm by a convicted felon. The defendant was made aware there was no agreement with the State as to his sentencing, and that his sentence would be determined by the trial court. After a review of the defendant's criminal history and consideration of the facts in present matter, the trial court sentenced him to ten years on each count, to run consecutively with each another, for a total of 20 years' imprisonment. The defendant now appeals his consecutive sentences as being excessive, arguing that his crimes arose out of one course of conduct, and consecutive sentences were therefore not appropriate. We disagree, and affirm the defendant's guilty plea, amend his sentence in part to order it served without benefit of probation, parole, or suspension of sentence, vacate the $1,000 fine and $50 fee imposed pending a hearing, and hereby remand for that limited purpose.

## FACTS AND PROCEDURAL HISTORY

On February 25, 2023, a confidential informant working with a local drug task force in DeSoto Parish purchased crack cocaine from Jeffery L. Calhoun, a known felon and previously convicted drug dealer. The money for the purchase was provided by the local drug task force. The amount of suspected crack cocaine in the transaction was an amount less than 28 grams.

A few days later, on February 28, 2023, based upon probable cause established by the controlled drug buy, a search warrant was executed at Calhoun's home. Two firearms were found in a dresser drawer next to Calhoun's bed; his wallet and ID were also on top of the dresser. Law

enforcement seized the firearms. Meanwhile, the suspected controlled substances from the controlled drug buy from Calhoun were sent to the North Louisiana Crime Lab for assessment and evaluation, and they returned positive for Schedule II (cocaine).

On April 21, 2023, Jeffery L. Calhoun was charged by bill of information with committing the crimes of possession of a firearm by a convicted felon, and two counts of distribution of a Schedule II CDS, less than 28 grams.

On February 26, 2024, the day Calhoun's trial was to commence, Calhoun pled guilty to one count of felon in possession of a firearm and one count of distribution of Schedule II CDS. There was no agreement as to sentencing as a term of the guilty plea. Sentencing was left to the trial court after completion of a presentence investigation ("PSI") report. Calhoun had previously been convicted of possession with intent to distribute Schedule I CDS in DeSoto Parish within the last 10 years. The PSI report shows that Calhoun's several previous convictions included simple burglary, multiple convictions for possession of Schedule II CDS, and possession with intent to distribute Schedule I CDS.

On July 8, 2024, the trial court, with the benefit of the PSI and Calhoun's prior guilty plea, sentenced Calhoun to 10 years at hard labor on each charge, to run consecutively to each another, for a total imprisonment of 20 years. Calhoun now appeals his consecutive sentences, arguing in his sole assignment of error that the consecutive ten-year sentences are constitutionally excessive.

# DISCUSSION

**Assignment of Error:** **While Calhoun had seven prior felonies, he has no convictions for crimes of violence.  Further, he has an almost 20-year history of drug addiction that likely fueled his criminal conduct.  While Calhoun certainly merits punishment, as a 54-year-old with no convictions for crimes of violence, he does not merit consecutive 10-year sentences.  Accordingly, the trial court erred by imposing consecutive sentences, 10 years of imprisonment of each charge, which constitutes an unconstitutionally harsh and excessive sentence.**

Calhoun argues that his consecutive sentences are excessive.  Calhoun, who was 54 years old when sentenced, notes that he will be incarcerated for 20 years for a nonviolent crime, driven by his drug addiction.  Calhoun acknowledges his seven prior felony convictions but asserts that he has no convictions for crimes of violence.  As such, the consecutive nature of his sentences –10 years on each of his convictions – is excessive.

Calhoun argues that his convictions stem from a single narcotics investigation and asserts that although the distribution and possession of the firearm occurred over several days, the underlying events were part of the same course of conduct.  Calhoun argues that the consecutive sentence violates his constitutional rights because it serves no purpose and is merely punitive.  Calhoun also argues that he presented evidence at his sentencing hearing that the firearms belonged to his girlfriend, not him.  Calhoun argues that given his age and lack of violent criminal history, there is little reason to believe that he will be a threat to society when he is released from prison.  Therefore, he asserts, his consecutive sentences should be vacated, and this Court should order Calhoun's sentences to be served concurrently.

Under La. C. Cr. P. art. 556.1, a valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats.  La. C. Cr. P.

3

art. 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite the record, his guilty plea was involuntary. *State v. Branch*, 54,591 (La. App. 2 Cir. 4/5/23), 361 So. 3d 80). An express and knowing waiver of an accused's rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Cheveallier*, 56,068 (La. App. 2 Cir. 2/26/25); *State v. Branch, supra*.

At Calhoun's sentencing hearing, the trial judge specifically noted his extensive criminal history, which was detailed in the PSI. Calhoun's instant conviction marked his *eighth felony conviction* spanning 36 years of criminal activity. The State correctly notes that Calhoun was not successful in completing probation in the past, which we acknowledge can be an important consideration when fashioning a sentence which could include supervised release. We find that the trial court articulated a thorough factual basis supporting his sentence, in accordance with La. C. Cr. P. art. 894.1.

Calhoun benefited from the dismissal of one of the distribution charges and by the agreement with the State to forgo use of the Habitual Offender Law, which would have significantly increased the length of Calhoun's incarceration. Louisiana's Habitual Offender Law provides that upon conviction of a fourth or subsequent felony, an offender would be sentenced to imprisonment for not less than 20 years and not more than his

4

natural life. Considering the potential imprisonment Calhoun faced as a habitual offender, he was fortunate to have been sentenced to only 20 years of imprisonment. We conclude that Calhoun's sentence does not shock the sense of justice and was not an abuse of the trial court's broad discretion. The record shows that Calhoun is not simply a long-time drug user, he is a long-time felon and drug dealer who carries and uses guns to further his drug enterprise.

We acknowledge that concurrent sentences are favored when the crimes arise out of one course of conduct. However, the crimes in this case are not part of a single course of conduct. These crimes are distinct in time and place. Calhoun sold crack cocaine on February 25, 2023, and three days later, he was found to be in possession of a firearm in a different location. These are separate crimes committed on separate days, and consecutive sentences for each was an appropriate sentence. Accordingly, we find Calhoun's assignment of error lacks merit.

### ERRORS PATENT

A review of the record indicates that the trial court failed to impose the sentence for possession of a firearm by a convicted felon ***without benefits of probation, parole, or suspension of sentence*** as required by La. R.S. 14:95.1. Although this is mandatory, the error is harmless and is self-correcting. *See State v. Thomas*, 52,617 (La. App. 2 Cir. 5/22/19), 272 So. 3d 999, *writ denied*, 19-01045 (La. 2/10/20), 292 So. 3d 61.

Further, a review of the record indicates that there is an error patent regarding the trial court's imposition of the $1,000 fine and the $50 reimbursement fee for costs of the PSI. As noted above, La. R.S. 14:95.1(B) authorizes the imposition of a fine of not less than $500 nor more than

5

$2,500 upon conviction of the crime of attempted possession of a firearm by a convicted felon. The trial court imposed a $1,000 fine and ordered Calhoun to pay a reimbursement fee of $50 for PSI costs. While the imposition of such a fine and cost appears reasonable, it can only be imposed after a hearing on Calhoun's financial ability to pay such a fine.

We find that Calhoun was entitled to a hearing pursuant to La. C. Cr. P. art. 875.1, regarding a determination of substantial financial hardship to a defendant, prior to the imposition of the $1,000 fine and $50 PSI reimbursement cost. There is no evidence in the record that Calhoun or the trial court waived the determination of financial hardship. Because a hearing was not held, we are compelled to vacate the $1,000 fine and $50 PSI reimbursement cost and remand the matter to the trial court for the required hearing. In all other respects, Calhoun's conviction and consecutive sentences are affirmed.

## CONCLUSION

For the foregoing reasons, we affirm the guilty plea of Calhoun and affirm, in part, his sentences of ten years at hard labor without benefit of parole, probation, or suspension of sentence on his possession of a firearm by a convicted felon, and ten years at hard labor for distribution of Schedule II CDS, to run consecutive with one another; vacate, in part, the imposition of a $1,000 fine and $50 reimbursement fee imposed without a hearing; and remand solely for a hearing pursuant to La. C. Cr. P. art. 875.1, to determine Calhoun's ability to pay any assessed fine.

**SENTENCE AFFIRMED, IN PART, AND VACATED, IN PART. CASE REMANDED, WITH INSTRUCTIONS.**

6